LMH

**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raul Villa, | No. CV 05-3995-PHX-DGC (JRI) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph Arpaio, | |
| Defendant. | |

This is one of more than one thousand civil rights actions filed since September 2004 by Maricopa County Jail inmates.[1]  Plaintiff is confined in the Tent City Jail in Phoenix, Arizona.  The Court will require Defendant Arpaio to answer Count III and dismiss the remaining counts without prejudice.

**A.     Application to Proceed In Forma Pauperis & Filing Fee.**

Plaintiff's request to proceed *in forma pauperis* will be granted.  Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of $250.00 for this action.  An initial partial filing fee of $2.50 (based on an average monthly deposit of $12.50) will be assessed by this Order.  28 U.S.C. § 1915(b)(1).  By separate order, the Court will direct the

---

[1]Many inmates apparently believe that they will receive an immediate payout from a fund established in Hart v. Hill, No. CV 77-0479-PHX-EHC (MS) (D. Ariz.).  No such fund exists.  The inmates in Hart asked for injunctive relief and not monetary damages.  The Court at this time expresses no opinion whether Plaintiff's lawsuit may result in an award of damages.

TERMPSREF

appropriate agency to collect the initial partial filing fee from Plaintiff's trust account and forward it to the Clerk of Court. Plaintiff will be obligated for monthly payments of 20 percent of the preceding month's income credited to Plaintiff's trust account. The Court will direct the appropriate agency to collect these monthly payments, which will be forwarded to the Clerk of Court each time the amount in Plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Plaintiff should take notice that if he is released before the filing fee is paid in full, he must pay the remaining unpaid amount of the filing fee within 120 days of the date of his release. If Plaintiff fails to pay the remainder of the filing fee within 120 days of the date of his release, the action will be dismissed, unless Plaintiff shows good cause, in writing, why he is unable to pay the remainder of the filing fee.

**B.**     **Statutory Screening of Prisoner Complaints.**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if Plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

**C.**     **Complaint.**

Plaintiff presumably was a pretrial detainee during his incarceration. He sues Maricopa County Sheriff Joseph Arpaio. Plaintiff sets forth three counts for relief regarding jail conditions, concerning sanitation, recreation, and food service.

*1. Counts I and II: failure to identify a constitutional right*

Plaintiff has not identified a constitutional right that was violated by the jail conditions described in Counts I and II. In the space where he could list the right, he instead asserts in Count I that "my constitutional civil IE Hart vs. 1995 MCSO Amended Judgment Paragraphs 84-86 and 9 subsectional C, D, E, and 47" have been violated. (Compl. at 4.) Plaintiff

1  makes a similar reference in Count II.  (Compl. at 5.)  In his prayer for relief, he again refers

2  to the guidelines established in Hart v. Hill.  (Compl. at 7.)

3      Plaintiff presumably refers to the Amended Judgment in Hart v. Hill, No. CIV 77-

4  0479-PHX-EHC (MS) (D. Ariz.).  He cannot, however, seek to enforce that Judgment in this

5  action.  Jurisdiction to enforce the judgment is retained by the court which entered it.  Jeff

6  D. v. Kempthorne, 365 F.3d 844, 853 (9th Cir. 2004).  A civil rights action is not the proper

7  means by which to enforce the decree.  Cagle v. Sutherland, 334 F.3d 980, 986 (11th Cir.

8  2003); Klein v. Zavaras, 80 F.3d 432, 435 (10th Cir. 1996); DeGidio v. Pung, 920 F.2d 525,

9  534 (8th Cir.1990); Green v. McKaskle, 788 F.2d 1116, 1122-23 (5th Cir. 1986).  Standing

10  alone, remedial orders cannot serve as a substantive basis for a § 1983 claim for damages

11  because such orders do not create "rights, privileges, or immunities secured by the

12  Constitution and laws."  Green, 788 F.3d at 1123-24.  Consequently, there is no basis for

13  jurisdiction over Counts I and II of the present Complaint.

14      Claims for violations of constitutional rights are properly raised in an action pursuant

15  to 42 U.S.C. § 1983.  Because Plaintiff has failed to identify the constitutional right that was

16  allegedly violated, Plaintiff fails to state a claim.  These counts will be dismissed without

17  prejudice.

18      *2. Count III:  Food Service*

19      In Count III, Plaintiff alleges that his rights to due process and to be free from cruel

20  and unusual punishment were violated by the lack of nutritionally adequate food.  He asserts

21  that he is always hungry and that he suffers digestive problems from being served food that

22  is unfit for consumption.  Plaintiff alleges that Defendant Arpaio sets the policies and

23  operating procedures for the jail, and that he has established sub-standard policies.  (Compl.

24  at 2, 7.)  At this early juncture, these allegations adequately state a claim.  Defendant Arpaio

25  will be required to answer Count III.

26  **D.   Address Changes.**

27      In the notice of assignment issued in this action (Doc. #2), Plaintiff was advised he

28  must file a notice of change of address if his address changes.  Plaintiff is again reminded

that at all times during the pendency of this action, Plaintiff shall immediately advise the Court of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  Plaintiff shall serve a copy of the Notice of Change of Address on all opposing parties.  The notice shall contain only information pertaining to the change of address and its effective date, and shall not include a motion for other relief.  Failure to timely file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**E.    Warning of Possible Dismissal Pursuant to Rule 41.**

Plaintiff should take note that if he fails to timely comply with every provision of this Order, this action will be dismissed without further notice.  See Ferdik, 963 F.2d at 1260-61(district court may dismiss action for failure to comply with any order of the Court). Moreover, because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal of this action will count as a "strike" under the "three strikes" provision of the Prison Litigation Reform Act.  See 28 U.S.C. § 1915(g).

**IT IS THEREFORE ORDERED THAT:**

(1)  Plaintiff's Application to Proceed *In Forma Pauperis* is granted pursuant to 28 U.S.C. § 1915(a)(1).

(2)  Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.  An initial partial filing fee in the amount of $2.50 is assessed.  All fees shall be collected and paid in accordance with this Court's Order to the appropriate government agency filed concurrently herewith.

(3)  Counts I and II are **dismissed** without prejudice for failure to state a claim.  The Clerk of Court shall send Plaintiff a service packet including the Complaint, this Order, and both summons and request for waiver forms for Defendant Arpaio.

1    (4) Plaintiff shall complete and return the service packet to the Clerk of Court within

2   20 days of the date of filing of this Order.  The United States Marshal will not provide

3   service of process if Plaintiff fails to comply with this Order.

4    (5) If Plaintiff does not either obtain a waiver of service of the summons or complete

5   service of the Summons and Complaint on each Defendant within 120 days of the filing of

6   the complaint or within 60 days of the filing of this Order, whichever is later, the action may

7   be dismissed as to each Defendant not served pursuant to Rule 4(m) of the Federal Rules of

8   Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i).

9    (6) The United States Marshal shall retain the Summons, a copy of the Complaint,

10   and a copy of this Order for future use.

11    (7) The United States Marshal shall notify Defendant of the commencement of this

12   action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal

13   Rules of Civil Procedure.  The notice to Defendant shall include a copy of this Order.  The

14   Marshal shall file waivers of service of the summons or requests for waivers that were

15   returned as undeliverable as soon as they are received.  If a waiver of service of summons

16   is not returned by a Defendant within thirty days from the date the request for waiver was

17   sent by the Marshal, the Marshal shall:

18    (a) Personally serve copies of the Summons, Complaint, and this Order upon

19   the Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

20    (b) Within 10 days after personal service is effected, file the return of service

21   for the Defendant, along with evidence of the attempt to secure a waiver of service of

22   the summons and of the costs subsequently incurred in effecting service upon the

23   Defendant.  The costs of service shall be enumerated on the return of service form

24   (USM-285) and shall include the costs incurred by the Marshal for photocopying

25   additional copies of the Summons, Complaint, or this Order and for preparing new

26   process receipt and return forms (USM-285), if required.  Costs of service will be

27   taxed against the personally served defendant pursuant to Rule 4(d)(2) and (5) of the

28   Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

TERMPSREF

1    (8) **A Defendant who agrees to waive service of the Summons and Complaint**

2 **shall return the signed waiver forms to the United States Marshal, not the Plaintiff.**

3    (9) Defendant shall answer Count III of the Complaint or otherwise respond by

4 appropriate motion within the time provided by the applicable provisions of Rule 12(a) of

5 the Federal Rules of Civil Procedure.

6    (10) Any answer or responsive pleading shall state the specific Defendant(s) by name

7 on whose behalf it is filed.  The Court may strike any answer, responsive pleading, or other

8 motion or paper that does not identify the specific Defendant(s) by name on whose behalf

9 it is filed.

10    (11) Plaintiff shall serve upon Defendant, or if appearance has been entered by

11 counsel, upon counsel, a copy of every further pleading or other document submitted for

12 consideration by the Court.  Plaintiff shall include with the original document and copy, to

13 be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of

14 the pleading or document was mailed to Defendant or counsel.  Any paper received by a

15 District Court Judge or Magistrate Judge which has not been filed with the Clerk of Court

16 may be disregarded by the Court.

17    (12) At all times during the pendency of this action, Plaintiff shall immediately advise

18 the Court and the United States Marshal of any change of address and its effective date.

19 Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall

20 contain only information pertaining to the change of address and its effective date.  Plaintiff

21 shall serve a copy of the notice on all opposing parties. The notice shall not include any

22 motions for any other relief. Failure to file a Notice of Change of Address may result in the

23 dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules

24 of Civil Procedure.

25    (13) A clear, legible copy of every pleading or other document filed shall accompany

26 each original pleading or other document filed with the Clerk for use by the District Judge

27 or Magistrate Judge to whom the case is assigned.  Failure to comply with this requirement

28 may result in the pleading or document being stricken without further notice to Plaintiff.

1   (14)  This matter is referred to Magistrate Judge Jay R. Irwin under Local Rules of

2 Civil Procedure 72.1 and 72.2 for further proceedings.

3   DATED this 13th day of July, 2006.

4

5

6                  _____

7                     David G. Campbell
                     United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28